Michael O. Hardison (MH-0691)
Joseph T. Johnson (JJ-1907)
EATON & VAN WINKLE LLP
3 Park Avenue
New York, New York 10016-2078
(212) 779-9910

Attorneys for Petitioner

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x

In the Matter of the Arbitration

-between-

BALLI KLÖCKNER GMBH f/k/a
KLÖCKNER STEEL TRADE GMBH,

                                Petitioner,

-and-

JSW STEEL LTD. as successor in interest
to JINDAL IRON & STEEL CO. LTD.,

                                Respondent.

------------------------------------------------------------ x

Case No. 07 CV 3590 (DC)

ECF Case
Electronically filed

**PETITION FOR AN ORDER
CONFIRMING A FOREIGN
ARBITRAL AWARD**

Petitioner, Balli Klöckner GmbH, by its attorneys, Eaton & Van Winkle LLP, for its petition for an order confirming a foreign arbitral award, on information and belief, alleges as follows:

## CONVENTION

1.    Sweden and the United States are both parties to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 21 U.S.T. 2517, T.I.A.S. No. 6997, 330 U.N.T.S. 3 (the "Convention").

2.    This proceeding arises under the provisions of the Convention and the provisions of 9 U.S.C. § 207.

## JURISDICTION

3.     This Court has subject matter jurisdiction pursuant to the provisions of 9 U.S.C. § 203 as well as 28 U.S.C. § 1331.

## PARTIES

4.     Petitioner, Balli Klöckner GmbH, is a corporation or other business entity organized and existing under the laws of a foreign country with an office and place of business located at Schifferstrasse 200, DE-47059 Duisburg, Germany.

5.     Petitioner, Balli Klöckner GmbH, was formerly known as Klöckner Steel Trade GmbH ("KST") until it changed its name in 2001.

6.     Respondent, JSW Steel Ltd., is a corporation or other business entity organized and existing under the laws of a foreign country with an office and place of business located at Jindal Mansion, 5A, Dr. G. Deshmukh Marg, Mumbai-400 026 India.

7.     In February, 2005, Jindal Iron & Steel Co., Ltd. ("JISCO") was merged into Jindal Vijayanagar Steel Ltd. ("JVSL").  In June, 2005, JVSL changed its name to JSW Steel Ltd., the named respondent in this action.

## UNDERLYING EVENTS

8.     In 2000, Petitioner (then known as KST) issued five separate order confirmations to JISCO (to which Respondent is successor in interest by reason of JISCO's merger into JVSL), in each of which Petitioner confirmed having agreed to sell various quantities of prime and newly produced continuous cast steel slabs to JISCO

for direct export to and consumption in the United States. Each order confirmation also contained various terms and conditions respecting, among other things, delivery, marking, tolerances, technical features and chemical composition, and each order confirmation was received and accepted by JISCO and bears a signature of a JISCO agent and a company stamp of JISCO. True and correct copies of each of the fully-executed order confirmations, dated February 21, 2000, March 31, 2000, May 8, 2000, June 2, 2000, and July 24, 2000, respectively, are attached hereto and made a part hereof as Exhibits 1-5.

9. Each of the order confirmations, at Paragraph 5, provided for arbitration and governing law as follows:

> 5. ARBITRATION
> THE PARTIES WILL ENDEAVOR TO THE FULLEST EXTENT TO SETTLE ANY CONTROVERSY ARISING OUT OF THE PRESENT CONTRACT IN ANY MANNER. IN CASE IT IS NOT POSSIBLE TO FIND AN AMICABLE SETTLEMENT, THEN THE CONTROVESRY WILL BE RESOLVED THROUGH ARBITRATION TO BE CONDUCTED IN ACCORDANCE WITH THE CONCILIATION AND ARBITRATION RULES OF THE INTERNATIONAL CHAMBER OF COMMERCE. THE DECISION OF THE ARBITRATORS SHALL BE FINAL AND BINDING ON THE PARTIES. ARBITRATION BE HELD IN STOCKHOLM IN ACCORDANCE WITH SWEDISH LAW.

Exhibits 1-5 (such clause appearing on the second-to-last page of each such order confirmation).

10. Disputes arose subsequently between Petitioner and JISCO concerning JISCO's payment for the steel in accordance with the terms of the order confirmations

and certain after-arising agreements in respect of such payment.

## CAUSE OF ACTION

11.  Paragraphs 1-10 of this Petition are repeated and realleged as if the same were set forth here at length.

12.  On April 21, 2004, Petitioner proceeded to refer the parties' disputes to arbitration with the International Chamber of Commerce ("ICC"), International Court of Arbitration, to be conducted in Stockholm, Sweden. The following individuals were nominated and subsequently confirmed as arbitrators in the arbitration between the parties: Robert L. Simpson, Jr., Abraham D. Sofaer, and Hans Danelius.

13.  On September 4, 2006, in Stockholm, Sweden, the arbitrators, having received the written submissions, the documents, and testimony relied upon by the parties concerning their dispute, and after having carefully and conscientiously read and considered the submissions, documents, and testimony, made a final arbitration award in writing, acknowledged it, and delivered it to the parties (the "Arbitration Award"). A true and correct copy of a certified copy of the Arbitration Award, rendered on September 4, 2006, is attached hereto and made a part hereof as Exhibit 6. The certified copy of the Arbitration Award is in the possession of counsel for Petitioner, Eaton & Van Winkle LLP ("EVW"), and may be inspected at EVW's offices if required. The certified copy of the Arbitration Award also will be produced to the Court upon request.

14. The Arbitration Award determined, <u>inter alia</u>, that Respondent, as successor in interest to JISCO, was liable to Petitioner for the following distinct sums:

   a. For damages in the sum of $20,809,024.00;

   b. For interest on the sum of $15,864,465.00 at the rate of 3.0% per annum over the official rate of the Deutsche Bundesbank from April 1, 2006 until full payment is made;

   c. For reimbursement to Petitioner of its legal costs in the sum of $850,000.00, together with interest at the rate of 8.0% per annum over the Swedish official reference rate from September 4, 2006 until full payment is made; and

   d. For reimbursement to Petitioner for a portion of its advance payment of its share of the arbitration costs, which portion was the sum of $80,000.00.

15. The overall principal amount due to Petitioner from Respondent in connection with the Arbitration Award is $21,739,024.00 plus the interest awarded by the arbitrators (which continues to accrue).

16. The Arbitration Award is now final and binding on the parties.

17. Petitioner has demanded that Respondent satisfy the terms of the Arbitration Award but Respondent has paid no part of the sums due and owing.

18. Petitioner, by reason of the premises, is entitled to an order confirming the Arbitration Award and the entry of judgment in favor of Petitioner and against Respondent in the sum of $21,739,024.00 plus the interest awarded by the arbitrators until the date of entry of such judgment.

WHEREFORE, Petitioner prays as follows:

a) That an order be made confirming the Arbitration Award;

b) That judgment be entered in favor of Petitioner and against Respondent for the sum of $21,739,024.00 plus the interest awarded by the arbitrators until the date of entry of such judgment;

c) That Petitioner be awarded its costs and attorneys' fees in bringing this petition; and

d) That Petitioner be awarded such other, further and different relief as may be just, proper and equitable in the premises.

Dated: New York, New York
May 4, 2007

EATON & VAN WINKLE LLP

By:    /s/
Michael O. Hardison (MH-0691)
Joseph T. Johnson (JJ-1907)

3 Park Avenue
New York, New York 10016-2078
(212) 779-9910

Attorneys for Petitioner